Esteban A. Rockett, Esq.
(ER-4768)
267-A Alpine Way
Woodbridge, NJ 07095
Office: 732-791-2512
E-Mail: info@estebanrockett.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KARAS

06 CV 6570

------------------------------------x
RAFAEL MUNIZ                        :     Civil Action No.

            Plaintiff,              :     _____

      v.                            :     COMPLAINT

ERICK MORILLO                       :

            Defendant.              :
------------------------------------x

Plaintiff Ralph Muniz, by its attorney, for its Complaint against defendant Erick Morillo alleges as follows:

### THE PARTIES

1. Plaintiff Ralph Muniz is an individual residing at 510 25th Street, Union City NJ (hereinafter referred to as "Muniz" or "Plaintiff").

2. On information and belief, defendant Erick Morillo, is an individual with a place of business at 199 Hackensack Plank Road, Weehawken, NJ (hereinafter referred to as "Morillo" or "Defendant").

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

NY02:294855.2                            1

## JURISDICTION

4. The FIRST Cause of Action arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 501(a). Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5. The SECOND Cause of Action arises under the United States Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §1125(a). Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

6. The THIRD and FOURTH Causes of Action arise under New York statutory and common law and are substantial and based upon the same operative facts as the FIRST and SECOND Causes of Action. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1338 (b) and on the basis of supplemental jurisdiction.

## PERSONAL JURISDICTION

7. Personal jurisdiction over the defendant Morillo is proper under §§ 301 and 302 of the State of New York's Civil Practice Law & Rules pursuant to Rule 4 of the Federal Rules of Civil Procedure and under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution because the torts complained of herein are being committed and have been committed in this district and Plaintiff is being and continues to be injured in this district as a result of defendant Morillo's wrongful acts.

## MUNIZ'S ORIGINAL WORKS OF AUTHORSHIP AND COMMON LAW TRADEMARK

8. Beginning near or about 1991, Muniz and Morillo were engaged in the business of creating musical compositions and producing sound recordings.

NY02:294855.2                                    2

9. Muniz and Morillo's first composition and sound recording was entitled "Do Me", and was released under the trademark "E & R", an acronym for "Erick and Ralph".

10. Under U.S. copyright law, Muniz and Morillo are co-authors of the composition and sound recording for "Do Me".

11. Muniz and Morillo co-own "Do Me".

12. Upon reproduction, "Do Me" contained all the proper attributions regarding Muniz, including, but not limited to, listing Muniz as a producer and artist underneath the song title on the label of the "Do Me" phonorecord.

13. "Double Platinum Productions, Inc." is also listed on the "Do Me" label.

14. "Double Platinum Productions, Inc." has never lawfully acquired any right of Muniz in "Do Me"; or any copyright, including but not limited to, any other composition, sound recording; trademark; or any other intellectual property right from Muniz.

15. Near or around 1991, Muniz created the mark "REEL 2 REAL", to be used as the new trademark for future compositions and sound recordings by Muniz and Morillo.

16. "REEL 2 REAL" has been, and continues to be, used for a series of composition and sound recording composed, created, and/or otherwise owned collectively by Muniz and Morillo (or Morillo's successor(s) interest).

17. Although the mark "REEL 2 REAL" was created by Muniz, all composition and sound recording produced thereunder are co-owned by both Muniz and Morillo.

18. Compositions and sound recording produced by Muniz and Morillo under the Muniz created trademark include, but are not limited to, the following: "The New Anthem", "Go on Move", "I Like to Move It".



19. The first composition and corresponding sound recording under the trademark "REEL 2 REAL" was entitled the "The New Anthem".

20. Under U.S. copyright law, Muniz and Morillo are co-authors of the composition and sound recording for "The New Anthem".

21. Muniz and Morillo co-own "The New Anthem".

22. Upon reproduction, "The New Anthem" contained all the proper attributions regarding Muniz, including, but not limited to, listing Muniz as a producer and artist underneath the song title on the label of phonorecord of "The New Anthem".

23. "Double Platinum Productions, Inc." is also listed on the "The New Anthem" label.

24. "Double Platinum Productions, Inc." has never lawfully acquired any right of Muniz in "The New Anthem"; or any copyright, including but not limited to, any other composition, sound recording; trademark; or any other intellectual property right from Muniz.

25. The second composition and corresponding sound recording under the trademark "REEL 2 REAL" was entitled "Go On Move".

26. Under U.S. copyright law, Muniz and Morillo are co-authors of the composition and sound recording for "Go On Move".

27. Muniz and Morillo co-own "Go On Move".

28. Upon reproduction, only some reproductions Go On Move" contain the proper attributions regarding Muniz, including, but not limited to, listing Muniz as a co-producer on the label of "The New Anthem".

29. "Double Platinum Productions, Inc." is listed on the "Go On Move" label.

30. "Double Platinum Productions, Inc." has never lawfully acquired any right of Muniz in "Go On Move"; or any copyright, including but not limited to, any other composition, sound recording; trademark; or any other intellectual property right from Muniz.

31. The third composition and corresponding sound recording under the trademark "REEL 2 REAL" was entitled the "I Like To Move It".

32. Under U.S. copyright law, Muniz and Morillo are co-authors of the composition and sound recording for "I Like To Move It".

33. Muniz and Morillo co-own "I Like To Move It".

34. "It Like To Move It" contains substantial use of composition and sound recording of percussion previously created by Muniz and used in the primarily instrumental "Do Me" composition and sound recording.

35. Early reproductions of "I Like To Move It" contained all the proper attributions regarding for Muniz, including, but not limited to, listing Muniz as a co-producer of "I Like To Move It".

36. "Double Platinum Productions, Inc." is also listed on the "I Like To Move It" label.

37. "Double Platinum Productions, Inc." has never lawfully acquired any right of Muniz in "I Like To Move It"; or any copyright, including but not limited to, any other composition, sound recording; trademark; or any other intellectual property right from Muniz.

38. "I Like To Move It" is registered as a copyright under U.S. Registration No. SR-183-588.

39. In the copyright registration, Muniz's name as omitted.

40. On information and believe, Morillo intentionally failed to include Muniz, by name, in the U.S. copyright application which lead to the resultant registration SR-183-588.

41. Morillo reproduced and distributed phonorecords of the sound recording of "I Like to Move It", in coordination with Mark Finklestein, Chief Executive Officer of Strictly Rhythm Records, at that time.

42. As "I Like to Move It" quickly gained sales, unbeknownst to Muniz, Morillo and Mark Finklestein approach Muniz in an attempt to acquire Muniz's rights and interest in REEL 2 REAL.

43. When approaching Muniz to acquire his rights and interest in REEL 2 REAL, Morillo and Finklestein conspired and concealed the success and further positive economic projections for "I Like to Move It".

44. When approaching Muniz to acquire his right in REEL 2 REAL, Morillo and Finklestein conspired and explicitly represented that Muniz had absolutely no copyright, trademark, other intellectual property, or commercial rights or interest in "I Like to Move", and that such rights had allegedly already been transferred to Double Platinum Productions.

45. When approaching Muniz to acquire his right in REEL 2 REAL, Morillo and Finklestein conspired and used the fact that Muniz was under financial distress, because Muniz's wife was about to have Muniz's first child, as leverage to attempt to fraudulently acquire Muniz's rights and interest in REEL 2 REAL.

46. Morillo and Finklestein attempted to fraudulently acquire, or otherwise have Muniz surrender, Muniz's rights and interest in REEL 2 REAL.

47. Finklestein, conspiring with Morillo, also urged Muniz not to initiate a legal action against Morillo because Finklestein represented that Muniz had absolutely no copyright,

trademark, other intellectual property, or commercial rights or interests in REEL 2 REAL, or any musical compositions or sound recordings, and that such rights had allegedly already been transferred to Double Platinum Productions.

48. Muniz has never transferred any of his rights or interest to Double Platinum Productions.

49. In addition to the phonorecord reproduction and distribution, "I Like To Move It" was recently prominently featured in the movie Madagascar.

50. The movie Madagascar was produced and is distributed by DreamWorks.

51. In the DreamWorks' movie Madagascar, "I Like To Move It" is featured in the movie trailer, twice during the movie, and during the closing credits; and corresponding soundtrack.

52. On DreamWorks website's webpage for Madagascar, DreamWorks first listed "I Like To Move It – original Reel 2 Real performed by Sacha Baron Cohen" (emphasis added).

53. Thereafter, on DreamWorks website's webpage for Madagascar DreamWorks lists soundtrack as containing "I Like To Move It – Erick Morillo & Sacha Baron Cohen" (emphasis added).

54. Muniz has always been either an independent music artist or co-creator with Morillo.

55. Muniz has never been a contractor of Morillo.

56. Muniz's contribution and works have never been "works for hire".

57. Muniz has never given DreamWork rights to use the composition or sound recording to "I like to move it".

58. In addition to Erick Morillo and Mark Finklestein, individuals with information pertinent to the above and/or information to confirm the above, and who Muniz plans to call for dispositions and at trial are: Louie Vega, Gradys Pizzaro, Michael Pantelione, John Gracia, Kenny Gonzalez, John DiMario, Todd Terry, Jo Annie Vega, Linda Caballero (artist name "La India"), Marc Anthony Muniz, Luis Concepcion, Victor Vega.

## DEFENDANT MORILLO'S ACT

59. On information and belief, defendant Morillo composes music and produces sound recordings under his given name Erick Morillo.

60. On information and belief, defendant Morillo owns a music record label entitled Subliminal Records.

61. On information and belief, defendant Morillo has generated income from the reproduction, distribution, sale, and/or licensing of REEL2 REAL in excess of several million dollars (USD) to date.

62. Morillo is require to provide and accounting to co-owner Muniz and payment of 50% of the profits received TO co-owner Muniz.

## FIRST CAUSE OF ACTION

(Copyright Infringement, 17 U.S.C. § 501(a))

63. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 8 through 62 of the Complaint as set forth above.

64. As co-authors, Defendant is require to provide an accounting to Muniz for revenue derived from the Defendant reproduction, distribution, and licensing of the "I Like To Move It" composition and sound recording, and 50% payment to Muniz of the same.

65. By failure to provide 50% payment to Muniz, Morillo's reproductions, distribution, and licensing conducted thus far are unlawful.

66. By reason of each Defendant's wrongdoing, failure to account, and failure to render payment, Muniz has suffered substantial lost profits.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition
Under the Lanham Act, § 43(a)(1)(A).)

67. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 8 through 66 of the Complaint as set forth above.

68. Defendants failure to always recited "REEL 2 REAL" in connection with "I Like To Move It" in interstate commerce in a manner calculated to create confusion as to the source of the REEL 2 REAL goods, namely, compositions and sound recordings constitutes a false designation of origin and false or misleading representation of fact likely to cause confusion, or to cause mistake or to deceive consumers as to an affiliation, connection or association between the Morillo individual works verses the works of Muniz and Morillo under the "REEL 2 REAL" trademark or as to the origin, sponsorship, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

69. By reason of each Defendant's wrongdoing, customers are mislead into thinking that Morillo alone composed and produced "I Like to Move It".

70. As a proximate result of the acts of each Defendant as alleged herein, the Muniz has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

71. Muniz has no adequate remedy at law to be made whole against this unfair competition. Unless Defendants are enjoined by this Court, the Muniz will continue to suffer irreparable harm.

### THIRD CAUSE OF ACTION

(Deceptive Acts and Practices and False Advertising -
New York Statutory Law)

72. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 8 through 71 of the Complaint as set forth above.

73. Defendant has engaged in unlawful, unfair and fraudulent business practices and unfair, deceptive, untrue, and misleading representations in violation of the New York General Business Law § 349.

74. Such actions by each Defendant also constitutes false and misleading statements in violation of the New York General Business Law § 350.

75. As a proximate result of the acts of each Defendant as alleged herein, the Muniz has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendant is profiting at the Muniz's expense.

## FOURTH CAUSE OF ACTION

(New York Common Law)

76. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 8 through 75 of the Complaint as set forth above.

77. Defendant's failure to always recited "REEL 2 REAL" in connection with "I Like To Move It" is likely to deceive the public into believing falsely that Defendant is the sole composer and producer of "I Like To Move It". Defendant has thereby violated the New York common law.

78. On information and belief, Defendant failed to always recited "REEL 2 REAL" in connection with "I Like To Move It" in a deliberate attempt to misappropriate and trade off the goodwill, fame and valuable reputation of Muniz. Such action constitutes a willful attempt by Defendant to usurp the Muniz's goodwill and business reputation by passing off the work as solely that of Morillo.

79. Defendant failed to provide the required accounting to Muniz for revenue derived from the Defendant reproduction, distribution, and licensing of the "I Like To Move It" composition and sound recording, and 50% revenue payment of the same. Defendant has thereby violated the New York common law.

80. On information and belief, in acting as alleged herein, defendant Morillo has acted with oppression, fraud, and malice toward Muniz, and continued with his fraudulent acts after being placed on notice of their wrongdoing. Muniz is therefore entitled to an award of punitive damages for the sake of example and by way of punishing Defendants.

WHEREFORE, Muniz prays for relief as follows:

1. That each defendant, the officers, agents, servants, employees and representatives thereof and all other persons, firms or corporations in active concert or participation with them, being jointly and severally liable

   A. be permanently enjoined and restrained from: (1) using the "I Like To Move It" composition and sound recording without the consent, accounting, and payment of Muniz; (2) using the mark REEL 2 REAL or any variant thereof or any other designation without the consent of Muniz; and (3) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, as to the source or sponsorship of Defendant's goods, or likely to deceive members of the public or the trade, or prospective purchasers and/or patrons, into believing that Defendant is the sole composer or producer or creator of any work created by Muniz and Morillo as REEL 2 REAL;

   B. be ordered to remove any signage, letterhead, advertisements or other communications or indication of the "I Like to Move" without mention of "REEL 2 REAL" and to instruct Defendant's licensee to the same;

   C. be ordered to stop distribution of the composition or sound recording of "I Like To Move It" until a proper accounting and payment be made to Muniz as recited herein;

2. That Defendant, pursuant to 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which they have complied with the injunction;

3. That Plaintiff recover $7,000,000 (USD) damages as a result of Defendant's wrongful acts complained of herein;

NY02:294855.2

12

4. That Plaintiff be awarded three times Plaintiff's damages together with its reasonable attorneys' fees for exceptional cases pursuant to 15 U.S.C. §§ 1117(a) and (b);

5. That Plaintiff be awarded $10,000,000 (USD) punitive and exemplary damages pursuant to the New York common law;

6. That Plaintiff recover the costs of this action; and

7. That Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated: August 20, 2006

By: _____
Esteban A. Rockett, Esq.
(ER-4768)
267-A Alpine Way
Woodbridge, NJ 07095
Office: 917.916.7674
Fax: 514.846.9193
Attorney for Plaintiff